Circuit Judge BRYSON
concurs-in-part and dissents in part.
BRYSON, Circuit Judge, concurring-in-part and dissenting-in-part.
I concur in the court’s disposition of the nine asserted claims of the '214, '451, '568, '597, '808, and '980 patents. I also agree that the district court did not abuse its discretion in allowing Stamps.com to assert additional claims only upon a showing of need. In my view, however, the district court should not have entered summary judgment invalidating the six asserted claims of the '777 and '991 patents. I therefore dissent with respect to the affir-mance of that portion of the district court’s judgment.
The majority upholds the district court’s conclusion that the Tygar-Yee article is prior art to the '777 and '991 patents. I do not agree that the evidence proffered by Endicia was sufficient to establish that the Tygar-Yee article was publicly accessible before the priority dates of those patents.
The Tygar-Yee article is dated March 1, 1993, but there is no evidence as to the date of its publication. The majority notes that the article was cited in a subsequent article by Tygar and Yee published in 1994. That citation, however, does not constitute evidence that the 1993 Tygar-Yee article was ever publicly accessible, particularly in light of the fact that the later article was written by the same authors. The majority also relies on a declaration by Dr. Tygar, the co-author of the Tygar-Yee article, stating that the article is prior art. Dr. Tygar’s declaration, however, consists of a conclusory legal assertion and provides nothing by way of evidence in support of that assertion.
In the summary judgment proceedings, Endicia offered as an exhibit a printout of a webpage that an Endicia attorney identified as “a printout of Carnegie Mellon University’s School of Computer Science archive report for the year 1993.” The exhibit is entitled “Index of/anon/1993” and consists of a list of file names, file sizes, and the dates on which the files were last modified. Endicia claims that one of the files, “CMU-CS-93-107.ps.Z,” represents the Tygar-Yee article. That file name lists a modification date of May 8, 1993. The majority characterizes the website as a “public forum,” but the record contains no evidence that the webpage in the exhibit was accessible to the public or widely disseminated in 1993. See In re Lister, 583 F.3d 1307, 1311 (Fed.Cir.2009) (“A reference is considered publicly accessible if it was disseminated or otherwise made available to the extent that persons interested and ordinarily skilled in the subject *917 matter or art[,] exercising reasonable diligence, can locate it.”); Cordis Corp. v. Boston Scientific Corp., 561 F.3d 1319, 1332-35 (Fed.Cir.2009) (holding that an academic paper distributed among a limited set of professional colleagues is not a prior art publication).
The majority highlights the fact that Stamps.com identified the Tygar-Yee article as bearing a 1993 date in several information disclosure statements that it filed in 2000 in connection with other patents. It is well settled, however, that a paten-tee’s inclusion of a reference in an information disclosure statement does not constitute an admission that the reference is prior art. 37 C.F.R. § 1.97(h); ResQNet.com, Inc. v. Lansa, Inc., 594 F.3d 860, 866 (Fed.Cir.2010); Abbott Labs. v. Baxter Pharm. Prods., Inc., 334 F.3d 1274, 1279 (Fed.Cir.2003).
Finally, the majority states that Stamps, com submitted no evidence that the Ty-gar-Yee article was not published in 1993. Apart from the ordinary difficulty of proving a negative, it is well settled that, at the summary judgment stage, “the moving party must make a prima facie showing that it is entitled to summary judgment.” Celotex Corp. v. Catrett, 477 U.S. 317, 331, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When the movant has the ultimate burden of proof on an issue, it must show that it is entitled to judgment, and if it does not do so, the non-moving party need not come forward with opposing evidence. Saab Cars USA, Inc. v. United States, 434 F.3d 1359, 1368 (Fed.Cir.2006); 11 James Wm. Moore, Moore’s Federal Practice ¶ 56.40[l][c] (2011 ed.) (“[T]he movant [with the burden of proof on the merits] must produce evidence that would conclusively support its right to a judgment after trial should the nonmovant fail to rebut the evidence.... [T]he evidence in the mov-ant’s favor must be so powerful that no reasonable jury would be free to disbelieve it.”) In the context of a motion for summary judgment of invalidity, the burden is not on the patentee to present evidence that a reference is not prior art; instead, the party challenging the patent has the burden to make a prima facie showing that the reference was publicly accessible. Because Endicia failed to show that the Ty-gar-Yee article is prior art, I would hold that the district court erred in invalidating the six asserted claims of the '111 and '991 patents as obvious.